UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CARLOS RAMIREZ PORTILLO,

                         Petitioner,                    19-cv-572 (PKC)

          -against-                                 OPINION
                                                                     AND ORDER

DIRECTOR THOMAS DECKER, SECRETARY
KRISTJEN M. NIELSEN and MATTHEW
WHITAKER,

                         Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

         Petitioner Carlos Ramirez Portillo is a citizen of El Salvador currently confined at the Hudson County Correctional Facility in Kearny, New Jersey, pending resolution of his removal proceedings. Ramirez Portillo has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts that he has been detained by Immigration and Customs Enforcement ("ICE") for approximately six months and has not received an individualized review of his custody. He petitions for a writ ordering either his release or a prompt bond hearing before an Immigration Judge.

         Respondents move to dismiss or transfer the petition to the District of New Jersey pursuant to Rule 12(b)(3), Fed. R. Civ. P. They urge that pursuant to <u>Rumsfeld v. Padilla</u>, 542 U.S. 426 (2004), a section 2241 petition challenging the conditions of physical confinement can only be brought in the petitioner's district of confinement. Ramirez Portillo opposes the motion, and urges that venue is proper in this District because respondent Thomas Decker, the New York field office director of ICE, is located in Manhattan.

For the reasons that will be explained, the Court concludes that Padilla requires the transfer of this case. The motion to transfer the petition to the District of New Jersey is therefore granted.

BACKGROUND.

Ramirez Portillo unlawfully entered the United States on or about May 22, 2014. (Pujol Dec. ¶ 4; Pet. ¶ 22.) On August 24, 2016, his status was adjusted to that of a lawful permanent resident. (Pujol Dec. ¶ 9; Pet. ¶ 24.)

Ramirez Portillo has twice been convicted of crimes in Queens County. (Pujol Dec. ¶¶ 11-12.) On July 2, 2016, he was charged with robbery in the second degree, which was subsequently resolved with a plea of guilty to petit larceny on June 14, 2017. (Pujol Dec. ¶ 11; Pet. ¶¶ 26-27.) He was sentenced to time served. (Id.) On October 8, 2016, he was charged with criminal possession of stolen property in the fourth degree, a crime to which he pleaded guilty on June 14, 2017. (Pujol Dec. ¶ 12.) He was sentenced to time served, five years' probation and an eight-year order of protection was issued against him. (Id.)

On July 31, 2018, ICE arrested Ramirez Portillo at his home in Queens for the purpose of placing him in removal proceedings, and charged him as a removable alien based on his convictions for crimes of moral turpitude within five years after his admission, and, separately, for having been convicted of two crimes of moral turpitude not arising out of a single criminal scheme. (Id. ¶ 13; Pet. ¶ 30.)

The Department of Homeland Security concluded that Ramirez Portillo is subject to mandatory detention. (Pet. ¶ 31.) His petition asserts that he has been subject to unreasonably prolonged detention in violation of the due process guaranteed by the Fifth Amendment. (Pet. ¶¶ 41-50, 67-73.) The Petition seeks his immediate release, or, alternatively, an order that

respondents provide him with a constitutionally adequate, individualized hearing as to the justification for his continued detention. (Pet. at 27.)

Since his arrest, Ramirez Portillo has been housed in the Hudson County Correctional Facility. (Id. ¶¶ 13, 15.) According to ICE records, Ramirez Portillo was last present in the State of New York to attend a criminal proceeding in Queens County on September 14, 2018. (Id. ¶ 15.) His removal proceedings are pending in the Immigration Court located at 201 Varick Street in Manhattan, and respondent Thomas Decker is located at Federal Plaza in Manhattan. (Pet. ¶¶ 4, 12.)

DISCUSSION.

Under the federal habeas statutes, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" Padilla, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). "Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" Id. (quoting Carbo v. United States, 364 U.S. 611, 617 (1961)); see also id. at 443 ("for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

Padilla explained that in addition to the statutory limit on jurisdiction, the "immediate custodian rule" requires that for "habeas challenges to present physical confinement . . . the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 435. It observed that the immediate custodian rule and the jurisdictional provision of 28 U.S.C. § 2241 "[t]ogether . . . compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his

present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." 542 U.S. at 447.

As Ramirez Portillo correctly notes, Padilla "left open the question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation." Id. 435 n.8. Padilla observed that the majority of the lower courts to confront that question have held that the attorney general is not a proper respondent in such proceedings, but concluded that "[b]ecause the issue is not before us today, we again decline to resolve it." Id. However, Padilla did not limit its reasoning to the context of the "enemy combatant" who brought the petition in that case, nor did it carve out alien detainees from the immediate custodian rule: it merely noted that the role of the Attorney General as a respondent was not before the Court.

Subsequent to Padilla, "the overwhelming majority of courts in this District have applied Padilla to habeas petitions filed by incarcerated aliens challenging their physical detention prior to deportation." Almazo v. Decker, 2018 WL 5919523, at *1 (S.D.N.Y. Nov. 13, 2018) (Engelmayer, J.) (collecting cases); see also Salcedo v. Decker, 2019 WL 339642 (S.D.N.Y. Jan. 28, 2019) (transferring proceeding to the District of New Jersey where petitioner was housed in the Hudson County Correctional Facility) (Abrams, J.); Lizardo v. Whitaker, 2018 WL 6444371 (S.D.N.Y. Dec. 5, 2018) (same) (Caproni, J.). The undersigned concludes that these decisions are persuasive in light of the reasoning and language of Padilla.

In opposing the transfer motion, Ramirez Portillo urges that as the director of ICE's New York field office, respondent Decker has principal authority to detain him, and contends that because Decker is located in Manhattan, venue is proper in this district. Ramirez Portillo argues that the Hudson County Correctional Facility is under the authority of a local

warden with limited authority to transfer ICE detainees, and that respondent Decker has ultimate responsibility over the logistics of his confinement. Judge Caproni recently addressed a similar argument, concluding that "these circumstances do not change the fact that the warden of the Hudson County Correctional Facility is, quite literally, Petitioner's 'immediate physical custodian' and thus the proper respondent to whom the petition must be directed. And because the Court can identify such an immediate <u>physical</u> custodian, any inquiry into who exercises <u>legal</u> custody of Petitioner is irrelevant." <u>Lizardo</u>, 2018 WL 6444371, at *3 (citing <u>Padilla</u>, 542 U.S. at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.")). This Court agrees that under the reasoning and language of <u>Padilla</u>, the official with immediate physical custody of Ramirez Portillo is the appropriate respondent, and not some other official with ultimate legal control.

Ramirez Portillo also points to <u>Henderson v. INS</u>, 157 F.3d 106, 128 (2d Cir. 1998), which observed that the Attorney General plays an "extraordinary and pervasive role" in immigration matters, and has "complete discretion" on the question of whether to direct an alien's removal. He urges that under <u>Henderson</u>, an official with power over the petitioner is the proper respondent. (Opp. Mem. at 8-10.) However, <u>Henderson</u> ultimately did not rule on whether the Attorney General is a proper respondent to immigration petitions, 157 F.3d at 128, and "a clear majority of courts in this circuit have applied <u>Padilla</u> for the proposition that only the immediate custodian – and not the Attorney General or some other 'legal custodian' – may be named as a respondent in a core alien habeas challenge." <u>Salcedo</u>, 2019 WL 339642, at *2 (quotation marks omitted).

The Court has considered the other arguments raised by Ramirez Portillo in opposition to the motion, and concludes that they are without merit.

Because Ramirez Portillo is confined in the District of New Jersey and because the warden of the Hudson County Correctional Facility in New Jersey is the appropriate respondent in this case, the Court does not have jurisdiction over the petition. See Padilla, 542 U.S. at 447. The respondents' motion for transfer is therefore granted.

CONCLUSION.

The respondents' motion to transfer the petition to the District of New Jersey pursuant to 28 U.S.C. § 1406(a) is GRANTED. (Docket # 10.) The Clerk is directed to terminate the motion.

The Clerk is separately directed to transfer this case to the United States District Court for the District of New Jersey. Due to the time-sensitive nature of the petitioner's claims, the Court waives the seven-day waiting period of Local Civil Rule 83.1, and directs the Clerk to effectuate transfer as soon as possible.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
　　　　March 28, 2019